Case 3:13-cr-08191-DGC   Document 22   Filed 09/13/13   Page 1 of 5

**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-8191-PCT-DGC (BSB) |
| Plaintiff, | **ORDER OF DETENTION** |
| vs. | |
| Derick John McGrath, | |
| Defendant. | |

In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter. The Court finds that the Government has established: (Check one or both, as applicable)

☐ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☒ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

## PART I -- FINDINGS OF FACT

☐ (1) There is probable cause to believe that Defendant has committed the following:

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 *et seq.*, 951 *et seq.*, or 46 U.S.C. App. § 1901 *et seq.*

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.

☐ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings and the safety of the community.

### Alternative Findings

☒ (1) There is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☐ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

### PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
(Check one or both, as applicable)

☐ (1) The Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

☒ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

☐ Defendant has no significant contacts in the District of Arizona;

☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance;

☒ Defendant has a prior criminal history, including two prior felony convictions, and has been sentenced to the California Department of Correction in 2004;

☐ Defendant has a record of failure(s) to appear in court as ordered;

☒ Defendant attempted to evade law enforcement contact by refusing to allow them to serve him with a writ at his residence on March 13, 2013 and physically resisting their efforts to handcuff him, resulting in charges for Interfering with Judicial Proceedings and Obstructing. *See* Exhibit ("Exh.") 1;

☐ Defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____ if convicted;

☐ Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any,  except:

_____

☒      In addition:

1. Defendant, age 34, has a long-terms history, dating to at least age 18, of using illicit drugs. He initially told PTS that "[f]rom October 2012 through March 2013, [he] used methamphetamine heavily and on a daily basis[,]" doc. 10 at 3, and recanted when he was reinterviewed by PTS on Sept. 9, 2013, that the last times he used meth was on July 18 and August 12, 2013; 2. Defendant has a history of not complying with court orders - twice his probation was revoked and he was sent to prison in 2004 and, more recently on April 8, 2013, a Protection Order was issued in Mohave County, AZ against Defendant. The protected person is Jessica Lynn McGrath, his present but estranged wife. After several violations of the Protection Order, Defendant was charged with Disorderly Conduct/DomesticViolence and Criminal Damage, misdemeanors, and released on conditions

- 3 -

1 One of the conditions was that he "[n]ot commit any criminal offense." *See* Exh. 2. Only
2 six days later, Defendant is videotaped allegedly committing the two felonies in alleged in
3 this federal indictment, Felon in Possession of Firearm and Possession of an Unregistered
4 Firearm (a "sawed off" shotgun) 3. Defendant admits he was diagnosed with PTSD while
5 in military and he was prescribed psychtropic medicine due to to his wife leaving him and
6 depression;

7   The Court incorporates by reference the findings of the Pretrial Services report and
8 all supplements, if any, which were reviewed by the Court at or before the time of the
9 hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

11   **IT IS ORDERED** that Defendant is hereby committed to the custody of the
12 Attorney General or his/her designated representative for confinement in a corrections
13 facility separate, to the extent practicable, from persons awaiting or serving sentences or
14 being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded
15 a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142
16 (i)(3). Upon order of a court of the United States or request of an attorney for the Govern-
17 ment, the person in charge of the corrections facility shall deliver Defendant to the United
18 States Marshal Service for the purpose of an appearance in connection with a court
19 proceeding. 18 U.S.C. § 3142(i)(4).

## PART IV -- APPEALS AND THIRD PARTY RELEASE

21   **IT IS FURTHER ORDERED** that should a review of this detention order be
22 filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to
23 deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to
24 the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.
25 Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for
26 review after being served with a copy of this written order, after the oral order is stated on
27 the record, or at some other time the assigned District Judge may set. Failure to timely file
28 a motion for review in accordance with Rule 59(a) may waive the right to review. Rule

59(a), Fed.R.Crim.P.

**IT IS FURTHER ORDERED** that the issue of detention may be reopened at any time before trial upon a finding that information exists that was not known to the movant at the time of the detention hearing and such information has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. Title 18 U.S.C. § 3142(f).

DATED this 13th day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge